Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 6267 | **DATE** | 6/5/2002 |
| **CASE TITLE** | HOOPER vs. SAINT ROSE PARISH | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   **Defendant's motion for summary judgment is granted.**
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 10 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 34 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROXANNE L. HOOPER,

    Plaintiff,

v.

SAINT ROSE PARISH,

    Defendant.

No. 99 C 6267
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Ms. Hooper has laryngeal dysphonia ("dysphonia"), a voice impairment that limits her ability to speak normally. She was employed as a principal by St. Rose Parish ("St. Rose") from 1994 through 1998. During contract negotiations for the 1998/99 school year, St. Rose initially refused to renew Ms. Hooper's contract and then offered her a contract containing certain probationary conditions. Ms. Hooper refused to sign the contract with its attendant conditions and sued St. Rose for a violation of the American with Disabilities Act (the "ADA"). Here before me is St. Rose's motion for summary judgment, arguing that Ms. Hooper has not established a prima facie case under the ADA.

<u>Prima Facie Case under the ADA</u>

To establish a prima facie claim under the ADA, Hooper must demonstrate that (1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job either with or without accommodation and (3) she suffered an adverse employment action because of her disability. *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944, 950 (7th Cir. 2000). Ms. Hooper argues that her dysphonia is a physical disability under 42 U.S.C. §12102(2)(A),

99c6267msj.wpd

which defines a disability as a "physical or mental impairment that substantially limits one or more major life activities of such individual." The point of contention between the parties is whether Ms. Hooper's physical disability "substantially limits" the major life activity of talking.

Ms. Hooper argues that the disagreement between the parties on the issue of what constitutes a substantial limitation is a question of fact for the jury, however, the question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2509-10 (1986). Drawing all inferences in favor of Ms. Hooper, I find that St. Rose must prevail as a matter of law as Ms. Hooper fails to establish a prima facie case. Ms. Hooper cannot show that her dysphonia substantially limits one or more of her major life activities, rendering her disabled within the meaning of the ADA, nor can she show that she suffered an adverse employment action.

"Substantially limits" means that Ms. Hooper is "unable to perform a major life activity that the average person in the general population can perform" or "significantly restricted as to the condition, manner or duration under which [she] performs the activity as compared to . . . the average person in the general population." 29 U.S.C. §1630.2(j)(1). To establish that she is substantially limited in the major life activity of talking, Ms. Hooper must prove that (1) she has an impairment, (2) the impairment affects a major life activity and (3) the impairment operates as a substantial limitation on the major life activity. *Bragdon v. Abbott*, 524 U.S. 624, 632 (1988).

Although there is no dispute Ms. Hooper has dysphonia, Ms. Hooper does not prove that she is substantially limited in the major life activity of talking. Deposition testimony from her doctors and her husband – and herself – demonstrate that she could speak, not loudly but well

enough so that she could be understood by others. In a case recently decided by the Seventh Circuit, an employee's condition that kept him from reading for more than 50 percent of the day was found not to limit the major life activity of seeing. *Szmaj v. American Telephone & Telegraph Co.*, Nos. 01-3379 and 01-3699, slip op. at 2-3 (7th Cir. May 28, 2002). There, the employee was found to be able to read with some discomfort, as, here, Ms. Hooper can speak with either some discomfort or at a reduced volume. There is simply no evidence that her communication is so hampered that she cannot communicate effectively with others.

Further, Ms. Hooper had an opportunity to mitigate her symptoms and inexplicably did not do so. She had available to her Botox injections, which Ms. Hooper agreed had helped her in the past and her doctor said would continue to help her in the future. Where a person's impairment can be treated and symptoms alleviated by mitigating factors such as medication or treatments, such medications or treatments must be taken into account in determining disability. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482-83 (1999). *See also Nawrot v. CPC Int'l*, 277 F.3d 896, 904 (7th Cir. 2002). Although Ms. Hooper takes the position that Botox injections would be less effective over time, deposition testimony given by her doctor disputes that notion. Her doctor testified that over time the amount of Botox administered would likely need to be adjusted to be most effective. Further, since there is no evidence to prove or even suggest that Botox could be harmful if taken long-term, and Ms. Hooper only alleges that it would be less effective, there is no reason I can see why she could not have been and was not taking injections of Botox throughout her entire tenure with St. Rose, including the period from June 1, 1996, to November 11, 1997, thus mitigating the effects of her dysphonia. The Court cannot permit Ms. Hooper to create a physical disability by failing to pursue treatment options.

Alternatively, Ms. Hooper argues that her dysphonia is a physical disability under 42 U.S.C. §12102(2)(C), which defines a disability as "being regarded as disabled." Ms. Hooper may fall within this definition of disabled if St. Rose mistakenly believed that she had a physical impairment or an actual, non-limiting impairment that substantially limits a life activity. *Sutton*, 527 U.S. at 490. Ms. Hooper argues emotionally with a series of unconvincing rhetorical questions, which at best demonstrate that St. Rose perceived a difference in Ms. Hooper's voice as compared to that of the general population. Her argument, however, falls far short of demonstrating a perception that she had a substantial limitation in the life activity of talking.

Even were Ms. Hooper to prove an actionable disability, which I find she cannot, Ms. Hooper cannot prove that she suffered an adverse employment action. St. Rose did proffer a contract for academic year 1998/99 with conditions. Certainly a conditional contract could be considered, in certain instances, to be an adverse employment action. Here, however, Ms. Hooper admitted at her deposition that all of the conditions set forth in the contract were within the ambit of her job responsibilities. This fact renders the contract conditions a tool to enable the parties to be clear about relative responsibilities rather than additional conditions imposed on her that Ms. Hooper must accept to keep her job.

Failure to Accommodate

To prevail on a failure to accommodate claim, Ms. Hooper must prove that (1) she is disabled, (2) St. Rose was aware of the disability and (3) she was qualified for the position. *Foster v. Arthur Andersen, LLP*, 168 F. 3d 1029, 1032 (7th Cir. 1999). The duty of accommodation arises only if the employee is determined to have a disability within the meaning of the ADA. *Szmaj*, Nos. 01-3379 and 01-3699, slip op. at 2. As Ms. Hooper cannot prove that

she has a disability, it is unnecessary to consider the second and third elements of the claim. Ms. Hooper does not have a failure to accommodate claim.

For the foregoing reasons, defendant's motion for summary judgment [26-1] is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 5 June 2002